IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

FILED
JUL 17 2014
U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

**MARIO ALLEN,**

Petitioner,

v.  Civil Action No. 3:14cv27
(Judge Groh)

**TERRY O'BRIEN, Warden**

Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On March 6, 2014, the *pro se* petitioner, Mario Allen (hereinafter "Allen") filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. On April 7, 2014, he paid the $5.00 filing fee in lieu of submitting an application to proceed *in forma pauperis*. Accordingly, this case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 2.

### II. FACTS[1]

**A.  Conviction and Sentencing**

On March 2, 2004, a Grand Jury in the United States District Court for the Eastern District of Virginia issued a two-count Third Superseding Indictment against Allen and multiple other individuals for conspiracy to violate the Racketeering Influenced and Corrupt Organizations (RICO) Act and conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846. (Doc. 379). The RICO count charged Allen with conspiracy to commit multiple acts involving murder, in violation of Virginia Code §§ 18.2-18,

---

[1] The history of Allen's criminal conviction, appeal and motions to vacate are taken from his docket sheet in Criminal Action No. 3:03-cr-00394-JRS-32 available on PACER.

1

18.2-26 & 18.2-32 and multiple acts involving drug trafficking, in violation of 21 U.S.C. §§ 841(a)(1), (b)(10(A)(iii), & 846 . (Doc. 1397). On August 3, 20004, following a seven day trial, a jury found Allen guilty of both counts charged in the Third Superseding Indictment. (Doc. No. 684 & 685). On November 17, 2004, Allen was sentenced to a term of life imprisonment on each count to be served concurrently to each other and with his then-present state sentence on a related charge. (Doc. 787).

On November 24, 2004, Allen filed a Notice of Appeal. (Doc. No. 795). In a Per Curiam opinion, the Fourth Circuit Court of Appeals affirmed his sentence on March 21, 2006. (Doc. No. 916); *See U.S. v. Batts*, 171 Fed.Appx. 977 (4th Cir. 2006). The appellate court judgment became final on April 21, 2006, and Allen filed a petition for writ of certiorari which was denied on October 2, 2006. *Batts v. United States*, 549 U.S. 865 (2006).

During the course of appeals of his federal convictions, Allen was serving a sentence in the Virginia Department of Corrections on state charges. Allen was transferred to the Federal Bureau of Prisons to serve the remainder of his life sentence in mid-2007. On November 28, 2007, Allen sent a letter to the sentencing court asking for an extension of time to file a § 2255 Motion. (Doc. 969). The Court denied Allen's request on January 8, 2008. (Doc. No. 968).

On July 10, 2010, Allen filed a motion entitled "Petition for Relief Not to be Construed as a Second and Successive 2255 Motion." (Doc. No. 1210). Despite the captioning, the sentencing court construed the motion as a petition pursuant to 28 U.S.C. § 2255. (Doc. No. 1244. The court found the petition was untimely. However, before dismissing the petition, the court provided Allen with an opportunity to demonstrate that equitable tolling was warranted. In response, Allen filed a Motion to Dismiss Proceedings Without Prejudice. (Doc. No. 1250). On

May 14, 2011, the court granted the motion and dismissed Allen's petition without prejudice. (Doc. No. 1252).

May 11, 2012, Allen filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal custody. (Doc. No. 1319). In a memorandum opinion, the District Court for the Eastern District of Virginia dismissed the motion as untimely filed and denied him a Certificate of Appealability. (Doc. No. 1397).

### III. ISSUES PRESENTED

In his petition, Allen raises four grounds for relief: (1) "the Evidence does not support the verdict and the evidence is insufficient to ascertain a conviction of murder and a RICO Act violation; (2) ineffective assistance of counsel; (3) the court "allowed and permitted [Allen] to be tried on charges that are not made in the indictment against him."; and (4) actual innocence of the charged offense in the indictment. (Doc. No. 1). Allen believes that the government failed to submit evidence that satisfied the elements of a murder charge and RICO violation. Allen believes that he was convicted of murder when there was not a count of murder in the indictment. (Doc. No. 1-1, p. 7)[2]. Allen also states that the government could not accurately establish that he was in a gang just because he wore "White Tee Shirts, or [held] up three fingers" and that there was no established leader because "everybody was doing their own things." (*Id.* at p. 10). Therefore, Allen alleges actual innocence of the charges for which he was convicted.

In regards to the ground of ineffective assistance of counsel, Allen believes that in several instances his Counsel failed to object to certain proceedings and "knew or should have known"

---

[2] In the Memorandum Opinion of Allen's criminal conviction that is available on PACER, a particular line reads, "The RICO count charged that Allen conspired to commit multiple acts involving murder, in violation of Virginia Code sections 18.2-18, 18.2-26 & 18.2-32 . . . ." (Criminal No. 3:03-cr-00394-JRS-32, Doc. No. 1397, p. 1).

3

that such failure would lead to prejudice against him. (*Id.* at p. 13).This ineffective assistance, Allen claims, denied him due process of law. (*Id.* at p. 17).

### IV. ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2nd Cir. 2004); see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence. Adams at 135; see In re Jones, at 332-33. In a § 2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed. Adams at 135.

In his petition, the petitioner attacks the validity of his sentence rather than the means of execution and seeks to "reverse [his] conviction as the law requires." (Doc. No. 1, p. 7). Accordingly, it is the type of challenge that ordinarily must be brought under § 2255 and not § 2241. A federal prisoner attacking the validity of his conviction or sentence may utilize the provisions of § 2241, but only when § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective. *In re Vial*, at 1194. Moreover, in *Jones*, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a
> conviction when: (1) at the time of the conviction, settled law of

this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of the constitutional law[3].

*In Re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000).

Therefore, in order to raise his claims under § 2241, Allen must first establish that he is entitled to review under § 2241 by meeting the *Jones* requirements[4]. Allen has not, and cannot satisfy the *Jones* requirements. Even if he could satisfy the first and third elements of *Jones*, the crimes for which Allen was convicted remain criminal offenses, and therefore, he cannot satisfy the second element of *Jones*. Accordingly, he has improperly filed for habeas relief from this Court pursuant to 28 U.S.C. § 2241.

## V.  **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petition be **DENIED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of

---

[3] The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:
   (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255; *See Jones*, 226 F.3d at 330.

[4] *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.); *see also Herrera v. Collins*, 506 U.S. 390, 404 (1993) ("A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); Royal v. Taylor, 188 F. 3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

5

such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to counsel of record via electronic means.

DATED: July 17, 2014

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE