**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**MARIO ALLEN,**

        Petitioner,

**v.**                              **CIVIL ACTION NO. 3:14-CV-27
(JUDGE GROH)**

**TERRY O'BRIEN, Warden,**

        Respondent.

## <u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

On this day, the above-styled matter came before the Court for consideration of the report and recommendation of United States Magistrate Judge John S. Kaull. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Kaull for submission of a proposed report and recommendation. Magistrate Judge Kaull conducted a preliminary review of the petition and filed his report and recommendation [Doc. 7] on July 17, 2014. In that filing, he recommended that this Court deny and dismiss with prejudice Petitioner's petition filed under 28 U.S.C. § 2241.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. <u>Thomas v. Arn</u>, 474 U.S. 140, 150

1

(1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).

In this case, objections to Magistrate Judge Kaull's report and recommendation were due within fourteen days after being served with a copy of the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Petitioner was served with the report and recommendation on July 21, 2014. To date, the parties have not filed any objections. Accordingly, this Court will review the report and recommendation for clear error.

On March 6, 2014, Petitioner Mario L. Allen filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner attempts to attack the validity of his sentence rather than the means of execution. Therefore, this type of challenge generally must be brought pursuant to 28 U.S.C. § 2255 rather than 28 U.S.C. § 2241. However, there is a "savings clause" in section 2255, which allows a prisoner to challenge the validity of his conviction under section 2241 if he can demonstrate that section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A petitioner bears the burden of demonstrating that the section 2255 remedy is "inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

(1) at the time of the conviction, the settled law of this Circuit or of the

Supreme Court established the legality of the conviction;

(2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, and

(3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). Upon reviewing Petitioner's petition, Magistrate Judge Kaull determined that Petitioner failed to satisfy the three Jones' requirements. Therefore, Magistrate Judge Kaull recommended that Petitioner is not entitled to habeas relief under 28 U.S.C. § 2241.

Upon careful review of the record, it is the opinion of this Court that Magistrate Judge Kaull did not clearly err and that the Report and Recommendation should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, it is ordered that Petitioner's § 2241 petition is **DENIED and DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

**DATED**: August 11, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE

3